UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO. 3:07CR22



| | |
|---|---|
| UNITED STATE OF AMERICA, ) | |
| ) | |
| Plaintiff ) | |
| ) | **CONSENT ORDER AND JUDGMENT** |
| V. ) | **OF FORFEITURE** |
| ) | |
| GEORGE MICHAEL MOORE, ) | |
| ) | |
| Defendant. ) | |

BASED UPON the defendants' plea of guilty, and finding that there is substantial nexus between the property listed below and the offense(s) to which the defendant has pled guilty and that the defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1. the following property is forfeited to the United States pursuant to 18 U.S.C. §924(d), 18 U.S.C. §982, 21 U.S.C. §853, 26 U.S.C. 5872, and/or 28 U.S.C. §2461(c):

   a. Beretta 380 Pistol model # 84F serial #E66457Y
   b. Taurus revolver model # 454 serial # TD803376
   c. Colt revolver model Anaconda 44 Magnum serial #MM67348
   d. Smith and Wesson revolver model # 44 Magnum serial # BA50415
   e. Sig Sauer pistol model #P229 40 caliber serial #AH202372
   f. Davis Industries Derringer pistol D22 serial #567428
   g. North American Arms folding revolver serial #L029676
   h. Stinger pen model 22 caliber serial # Spp01376
   I. Heckler and Koch 223 assault rifle model 91 serial # A055330
   k. Ruger 22 caliber rifle model 10/22 serial # 25053407
   l. Hestal 223 rifle model 223 Remington Sporter serial # FN038046
   m. Browning 12 gauge shotgun model Special Steel 12 gauge serail # 55958
   n. Uzi semi-automatic gun receiver serial # 35049
   o. Various make, model and caliber of ammunition seized with the above firearms on or about October 10, 2005, at 20741 Lagoona Drive, Cornelius, North Carolina
   p. Real property consisting of a house at 20741 Logoona Drive, Cornelius, North Carolina

2. The United States Marshal and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described tangible property;

3. Upon the seizure of the property, the United States shall, to the extent practicable, provide direct written notice to any person know to have alleged an interest in the seized property, and shall publish notice of this forfeiture as required by law;

4. any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicated the validity of the alleged interest.

5. Following the Court's imposition of all timely petitions filed, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim P. 32.2(c)(2), an the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to process of defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 18 U.S.C. §924(d), 18 U.S.C. §982, 21 U.S.C. §853, 26 U.S.C. §5872, and/or 28 U.S.C. §2461©. The defendant hereby waives the requirements of FedR. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant.

GRETCHEN C.F. SHAPPERT
UNITED STATES ATTORNEY

_____
KEVIN ZOLOT
Assistant United States Attorney

_____
George Michael Moore
Defendant

_____
TONY SCHEER
Attorney for Defendant

Signed this the 22nd day of March, 2007.

*Carl Horn, III*
UNITED STATES magistrate JUDGE